# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| RUDOLPH ELLIS, | Case No. 1:20-cv-00134-EPG-HC |
|---|---|
| Petitioner, | FINDINGS AND RECOMMENDATION TO GRANT PETITIONER LEAVE TO CONVERT PETITION TO CIVIL RIGHTS ACTION UNDER 42 U.S.C. § 1983 |
| v. | |
| RALPH DIAZ, | |
| Respondent. | ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT JUDGE |

Petitioner Rudolph Ellis is a state prisoner proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Given that the instant petition challenges conditions of confinement and thus, is not cognizable in federal habeas corpus, the undersigned recommends that Petitioner be granted leave to convert his petition for writ of habeas corpus to a civil rights action under 42 U.S.C. § 1983.

**I.**

**DISCUSSION**

Rule 4 of the Rules Governing Section 2254 Cases requires preliminary review of a habeas petition and allows a district court to dismiss a petition before the respondent is ordered to file a response, if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." See McFarland v. Scott, 512 U.S. 849, 856 (1994).

1

**A. Federal Habeas Corpus Jurisdiction**

By statute, federal courts "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A claim is cognizable in habeas when a prisoner challenges "the fact or duration of his confinement" and "seeks either immediate release from that confinement or the shortening of its duration." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of confinement. McCarthy v. Bronson, 500 U.S. 136, 141–42 (1991); Preiser, 411 U.S. at 499.

In the instant petition, Petitioner asserts that he is being denied visits with his family and wife, in violation of the First and Fourteenth Amendments. (ECF No. 1 at 2–6).[1] Petitioner does not challenge any aspect of his conviction or sentence or the fact or duration of his confinement. The Ninth Circuit has "long held that prisoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (en banc) (citing Crawford v. Bell, 599 F.2d 890, 891–92 (9th Cir. 1979)). As Petitioner's claims do not fall within "the core of habeas corpus," Preiser, 411 U.S. at 487, they must be brought under 42 U.S.C. § 1983. Nettles, 830 F.3d at 931. Accordingly, Petitioner has failed to state a cognizable claim for federal habeas corpus relief.

**B. Conversion to § 1983 Civil Rights Action**

"If the complaint is amenable to conversion on its face, meaning that it names the correct defendants and seeks the correct relief, the court may recharacterize the petition so long as it warns the *pro se* litigant of the consequences of the conversion and provides an opportunity for the litigant to withdraw or amend his or her complaint." Nettles, 830 F.3d at 936 (quoting Glaus v. Anderson, 408 F.3d 382, 388 (7th Cir. 2005)). The Court notes that habeas corpus and prisoner civil rights actions differ in a variety of respects, such as the proper defendants, filing fees, exhaustion requirements, and restrictions on future filings (e.g., the Prison Litigation

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

Reform Act's three-strikes rule). Nettles, 830 F.3d at 936 (citing Robinson v. Sherrod, 631 F.3d 839, 841 (7th Cir. 2011); Glaus, 408 F.3d at 388).

If Petitioner chooses to convert the instant matter to a civil rights action, Petitioner will be required to submit a civil rights complaint form that names the proper defendants, seeks appropriate relief, and is signed under penalty of perjury.[2] The filing fee for § 1983 civil rights cases is $350, and Petitioner is required to pay the full amount by way of deductions from income to Petitioner's trust account, even if granted in forma pauperis status. See 28 U.S.C. § 1915(b)(1). Petitioner also may, at his option, voluntarily dismiss his habeas petition without prejudice to refiling his claims as a § 1983 civil rights action. However, Petitioner is forewarned that dismissal and refiling may subject Petitioner to a possible statute of limitations bar as well as other complications as set forth above.

## II.

## RECOMMENDATION & ORDER

Accordingly, the undersigned HEREBY RECOMMENDS that Petitioner be granted leave to convert his petition for writ of habeas corpus to a civil rights action under 42 U.S.C. § 1983.

Further, the Clerk of Court is DIRECTED to randomly assign a District Court Judge to the present matter.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified

---

[2] The Court notes that Petitioner did not sign his petition for writ of habeas corpus.

3

time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 31, 2020**          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE