1
2
3
4
5
6
7
8

9                      UNITED STATES DISTRICT COURT

10                   FOR THE EASTERN DISTRICT OF CALIFORNIA

11

12   RUDOLPH ELLIS,                          No.  1:20-cv-00134-NONE-EPG (PC)

13                   Plaintiff,              FINDINGS AND RECOMMENDATIONS,
                                            RECOMMENDING THAT PLAINTIFF'S
14          v.                              COMPLAINT BE DISMISSED FOR
                                            FAILURE TO STATE A CLAIM
15   RALPH DIAZ, et al.,
                                            (ECF NO. 9)
16                   Defendants.
                                            OBJECTIONS, IF ANY, DUE WITHIN
17                                          THIRTY (30) DAYS

18

19          Plaintiff Rudolph Ellis ("Plaintiff") is a state inmate proceeding *pro se* and *in forma*

20   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff commenced this action

21   by filing petition for a writ of habeas corpus on January 27, 2020. (ECF No. 1). The Court

22   ordered Plaintiff to reassert his claims under 42 U.S.C. § 1983 (ECF No. 8), and Plaintiff filed a

23   first amended complaint under Section 1983 on May 1, 2020 (ECF No. 9). The Court has

24   screened Plaintiff's complaint and finds that it fails to state any cognizable claims. For the

25   reasons that follow, the Court recommends that this case be dismissed.

26   I.     SCREENING REQUIREMENT

27          The Court is required to screen complaints brought by inmates seeking relief against a

28   governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

1

1  Court must dismiss a complaint or portion thereof if the inmate has raised claims that are legally

2  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

3  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

4  As Plaintiff is proceeding *in forma pauperis*, the Court may also screen the complaint under 28

5  U.S.C. § 1915. "Notwithstanding any filing fee, or any portion thereof, that may have been paid,

6  the court shall dismiss the case at any time if the court determines that the action or appeal fails to

7  state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

8  A complaint is required to contain "a short and plain statement of the claim showing that

9  the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

10  required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere

11  conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell*

12  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual

13  matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting

14  *Twombly*, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this

15  plausibility standard. *Id.* at 679. While a plaintiff's allegations are taken as true, courts "are not

16  required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc*., 572 F.3d 677, 681

17  (9th Cir. 2009) (citation and quotation marks omitted). Additionally, a plaintiff's legal

18  conclusions are not accepted as true. *Iqbal*, 556 U.S. at 678.

19  Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal

20  pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

21  pro se complaints should continue to be liberally construed after *Iqbal*).

22  **II.      ALLEGATIONS IN THE COMPLAINT**

23  Plaintiff's complaint alleges as follows:

24  **A.      Claim I: Family Visits**

25  Defendant M. Curiel, a Correctional Counselor I, served Plaintiff with a 128-B general

26  chrono "restricting [Plaintiff] from family visitation; [Plaintiff] was already clear for." Defendant

27  Curiel failed to follow procedures in determining Plaintiff's eligibility by basing it solely on his

28  committing an offense. But Title 15 states that his behavioral history has to be determined, and

2

his current case factors should have been utilized to determine his eligibility.

Defendant Curiel also violated Plaintiff's equal protection rights "citing 3177(b)(1) of the title 15 which sets a double standard."[1] Defendant Curiel also failed to take into account Plaintiff's youth, CDCR's obligation to keep family ties, and "all parties who signed off on [Plaintiff's] appeals." Plaintiff also alleges that "NKSP aided and agreed with these actions via committee," and cites to his exhibits. The exhibits include his grievance forms, where the CDCR denied his related requests. Plaintiff also alleges that these actions violated his First Amendment rights.

**B.     Claim II: State Court Ruling**

Plaintiff submitted a petition for a writ of habeas corpus to the Superior Court Metropolitan Division in and for the County of Kern, seeking to grant Plaintiff family visits. Judge Somers was the presiding judge in his action. Judge Somers failed to address Plaintiff's arguments. Plaintiff alleges this denies him equal protection of the law and due process.

**C.     Requested Relief**

Plaintiff seeks family visits "and the change of cdcr title 15 regulation 3177(B)(1)" or compensation.

**III.     SECTION 1983**

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979*)); see also Chapman v. Houston Welfare Rights Org*., 441 U.S. 600, 618 (1979); *Hall v. City of Los Angeles*,

---

[1] Plaintiff appears to refer to 15 C.C.R. § 3177(b)(1), which states: "Family visits shall not be permitted for inmates convicted of a violent offense where the victim is a minor or family member or any sex offense," and lists specified offenses.

1   697 F.3d 1059, 1068 (9th Cir. 2012); *Crowley v. Nevada*, 678 F.3d 730, 734 (9th Cir. 2012);

2   *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

3         To state a claim under § 1983, a plaintiff must allege that (1) the defendant acted under

4   color of state law, and (2) the defendant deprived him of rights secured by the Constitution or

5   federal law. *Long v. County of Los Angeles*, 442 F.3d 1178, 1185 (9th Cir. 2006); *see also Marsh*

6   *v. Cnty. of San Diego*, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state

7   law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he

8   does an affirmative act, participates in another's affirmative act, or omits to perform an act which

9   he is legally required to do that causes the deprivation of which complaint is made.'" *Preschooler*

10   *II v. Clark Cnty. Sch. Bd. of Trs.*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Johnson v. Duffy*,

11   588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an

12   official sets in motion a 'series of acts by others which the actor knows or reasonably should

13   know would cause others to inflict' constitutional harms." *Preschooler II*, 479 F.3d at 1183

14   (quoting *Johnson*, 588 F.2d at 743). This standard of causation "closely resembles the standard

15   'foreseeability' formulation of proximate cause." *Arnold v. Int'l Bus. Mach. Corp.*, 637 F.2d

16   1350, 1355 (9th Cir. 1981); *see also Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir.

17   2008).

18         Additionally, a plaintiff must demonstrate that each named defendant personally

19   participated in the deprivation of his rights. *Iqbal*, 556 U.S. at 676-77. In other words, there must

20   be an actual connection or link between the actions of the defendants and the deprivation alleged

21   to have been suffered by Plaintiff. *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S.

22   658, 691, 695 (1978).

23         Supervisory personnel are generally not liable under § 1983 for the actions of their

24   employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a

25   supervisory position, the causal link between him and the claimed constitutional violation must be

26   specifically alleged. *Iqbal*, 556 U.S. at 676-77; *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir.

27   1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978). To state a claim for relief under

28   § 1983 based on a theory of supervisory liability, a plaintiff must allege some facts that would

4

1    support a claim that the supervisory defendants either personally participated in the alleged

2    deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or

3    promulgated or "implement[ed] a policy so deficient that the policy itself is a repudiation of

4    constitutional rights' and is 'the moving force of the constitutional violation." *Hansen v. Black*,

5    885 F.2d 642, 646 (9th Cir. 1989) (citations and internal quotation marks omitted); *Taylor v. List*,

6    880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own

7    culpable action or inaction in the training, supervision, or control of his subordinates," "his

8    acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that

9    showed a reckless or callous indifference to the rights of others." *Larez v. City of Los Angeles*,

10   946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

11   **IV.    ANALYSIS OF PLAINTIFF'S CLAIMS**

12          **A.    Claim I: Family Visits**

13                 1.    First Amendment and Due Process Rights

14          Plaintiff alleges his associational rights, his due process rights, and his equal protection

15   rights were violated by Defendants when he was "denied . . . family visits with family / wife[.]"

16   He cites 15 C.C.R. § 3177(b)(1) as the stated basis for denying him such visits. Under that

17   section, "[f]amily visits are extended overnight visits, provided for eligible inmates and their

18   immediate family members . . . ." 15 C.C.R. § 3177. Subsection (b)(1) denies family visits to

19   "inmates convicted of a violent offense where the victim is a minor or family member or any sex

20   offense . . . ."

21          "[I]t is well-settled that prisoners have no constitutional right while incarcerated to contact

22   visits or conjugal visits." *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002). Because Plaintiff

23   seeks a contact visit—and seemingly a conjugal visit—Plaintiff's claim fails, with respect to the

24   First Amendment and the Due Process clause. *See also Shallowhorn v. Molina*, 572 F. App'x 545,

25   548 (9th Cir. 2014) (unpublished) (prisoner who was prohibited from certain contact visits

26   because convicted of an offense listed in 15 C.C.R. § 3173.1(d) did not state "Substantive Due

27   Process and First Amendment claims based on the continued restriction on contact visitation with

28   minors because inmates possess no constitutional right to contact visitation" (citing *Block v.*

5

1 | *Rutherford*, 468 U.S. 576, 589 (1984))).

2 |         2. <u>Equal Protection Claims</u>

3 The Equal Protection Clause requires that persons who are similarly situated be treated

4 alike. *City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 439 (1985); *Hartmann v.*

5 *California Dep't of Corr. & Rehab.,* 707 F.3d 1114, 1123 (9th Cir. 2013); *Furnace v. Sullivan*,

6 705 F.3d 1021, 1030 (9th Cir. 2013); *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). To

7 state a claim, Plaintiff must show that Defendants intentionally discriminated against him based

8 on his membership in a protected class, *Hartmann*, 707 F.3d at 1123 *Furnace*, 705 F.3d at 1030,

9 *Serrano v. Francis*, 345 F.3d 1071, 1082 (9th Cir. 2003), *Thornton v. City of St. Helens*, 425 F.3d

10 1158, 1166-67 (9th Cir. 2005), *Lee v. City of Los Angeles*, 250 F.3d 668, 686 (9th Cir. 2001), or

11 that similarly situated individuals were intentionally treated differently without a rational

12 relationship to a legitimate state purpose, *Engquist v. Oregon Department of Agr.*, 553 U.S. 591,

13 601-02 (2008), *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000), *Lazy Y Ranch Ltd. v.*

14 *Behrens*, 546 F.3d 580, 592 (9th Cir. 2008), *North Pacifica LLC v. City of Pacifica*, 526 F.3d 478,

15 486 (9th Cir. 2008).

16 Plaintiff does not otherwise allege he is being discriminated on account of his membership

17 in a protected class, such as due to his race, *see Washington v. Davis*, 426 U.S. 229, 239 (1976)

18 ("The central purpose of the Equal Protection Clause of the Fourteenth Amendment is the

19 prevention of official conduct discriminating on the basis of race.").

20 To the extent Plaintiff alleges that his treatment violates the Equal Protection Clause

21 because he, as a felon convicted of a certain type of violent crime, is treated differently than

22 felons convicted of other crimes, Plaintiff also fails to state a claim.

23 In *Webber v. Crabtree*, 158 F.3d 460 (9th Cir. 1998), a group of inmates alleged a

24 regulation that prohibited them, but not other prisoners, from smoking violated their equal

25 protection rights. The Court held that it did not because being an inmate is not a protected class

26 and the regulations were rationally related to a legitimate state interest:

27     The inmates, however, are not members of a suspect class. The inmates have also
28     failed to show that smoking is a fundamental right. Thus, to meet the

6

> requirements of the Equal Protection Clause, the prison officials must show only that the ban bears a rational relation to a legitimate governmental objective.
>
> The prison officials correctly assert that the Bureau of Prisons has a legitimate objective of protecting the health and safety of inmates and staff by providing a clean air environment.  The district court, therefore, did not err by finding that the smoking ban is rationally related to this legitimate governmental objective.

*Webber v. Crabtree*, 158 F.3d 460, 461 (9th Cir. 1998) (citations omitted).

Likewise, here, Plaintiff is a felon convicted of one of certain types of violent offenses, and thus not in a suspect class under the Equal Protection clause. The regulation at issue is rationally related to a legitimate state interest in safety that it looks to an inmate's past violent conduct in determining the safety of family visits.  As the Supreme Court has noted, "[t]hat there is a valid, rational connection between a ban on contact visits and internal security of a detention facility is too obvious to warrant extended discussion." *Block v. Rutherford*, 468 U.S. 576, 586 (1984). *See also Shallowhorn*, 572 F. App'x at 547 (affirming district court's dismissal of inmate's Equal Protection Clause claim because "'inmates convicted of violating PC Section(s) 187, 269, 273a, 273ab, or 273d [murder, rape, or child abuse] when the victim is a minor,' 15 CCR § 3173.1(d), does not constitute a protected class, and California had a rational basis for promulgating the regulation at issue" (brackets in original)).

Therefore, the regulation, as applied to the Plaintiff, does not violate the Equal Protection Clause.

### 3.    Claims Against Processors of Appeals

There is no constitutional right to a prison or jail administrative appeal or grievance system in California, and therefore no due process liability for failing to process or decide an inmate appeal properly. *See Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Thus, to the extent Plaintiff seeks relief against any defendants merely for processing his grievances or administrative appeals, Plaintiff fails to state a claim.

### B.    Claim II: State Court Ruling

Plaintiff also sues Judge Somers under the First and Fourteenth Amendments for wrongly

7

deciding his case and failing to address all arguments he made. This Court is not an appellate court for the Superior Court of California, County of Kern.  For the reasons discussed below, Plaintiff does not have a constitutional claim against the judge in his case.

### 1.    Immunity from Money Damages

"[G]enerally, a judge is immune from a suit for money damages." *Mireles v. Waco*, 502 U.S. 9, 9 (1991). "[T]he immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12 (citations omitted).

Here, Plaintiff sues Judge Somers for his judicial actions: his issuance of a ruling. Plaintiff does not allege that the action was taken in the complete absence of all jurisdiction—and it appears he can not so allege. Therefore, Defendant Somers is judicially immune from any claim for money damages based on his rulings in Plaintiff's case.

### 2.    Injunctive Relief

Plaintiff also seeks injunctive relief against Defendant Judge Somers. Judicial immunity does not bar claims for declaratory and injunctive relief against judges. *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984). However, Section 1983 was amended after *Pulliam* to limit § 1983 actions against judges for injunctive relief. Section 1983 now permits injunctive relief against judicial officers only if "a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983; *accord Wolfe v. Strankman*, 392 F.3d 358, 366 (9th Cir. 2004).

Here, Plaintiff does not allege that a declaratory decree was violated, and there is no indication that declaratory relief was unavailable. Therefore, Plaintiff has failed to state a claim against Defendant Somers with respect to injunctive relief, too.

### 3.    Other Failure to State a Claim

Even if Judge Somers were not immune from suit, there is no constitutional right for a litigant's judge to specifically address each argument in an order. To the extent Plaintiff disagrees with Judge Somers's ruling, Plaintiff retains the right to appeal that ruling to the proper state appellate court.

1

## V.    CONCLUSION AND RECOMMENDATIONS

2          The Court has screened Plaintiff's complaint and finds that it fails to state any cognizable

3   claim. The Court recommends not allowing leave to amend because any amendment would be

4   futile. Plaintiff's claims fail for legal reasons discussed above and additional factual explanation

5   would not change those reasons. Therefore, the Court does not recommend granting leave to

6   amend.

7          Based on the foregoing, the Court RECOMMENDS that

8                1.      This action be dismissed with prejudice; and

9                2.      The Clerk of Court be directed to close this case.

10         These findings and recommendations are submitted to the United States district judge

11   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

12   days after being served with these findings and recommendations, any party may file written

13   objections with the court.  Such a document should be captioned "Objections to Magistrate

14   Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed

15   within seven (7) days after service of the objections.

16         The parties are advised that failure to file objections within the specified time may result

17   in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014)

18   (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

19

20   IT IS SO ORDERED.

21      Dated:   **August 7, 2020**              /s/ *Erica P. Grosjean*

22                                        UNITED STATES MAGISTRATE JUDGE

23

24

25

26

27

28

9