UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH ELLIS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RALPH DIAZ, *at al.*<br><br>　　　　　Defendants. | No. 1:20-cv-00134-NONE-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING § 1983 ACTION<br><br>(Doc. No. 15) |

Plaintiff Rudolph Ellis is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed under to 42 U.S.C. § 1983.  Plaintiff brought this action against three officers working for the California Department of Corrections and Judge Somers of the Kern Superior Court, who denied petitioner's state habeas petition.  (Doc. No. 9 2–4.)  In the operative first amended complaint, plaintiff claims the defendant officers denied him visitation from family members in violation of his First and Fourteenth Amendment rights, and that Kern County Superior Court Judge Somers improperly denied his habeas petition asserting plaintiff's claim based on violation of his "visitation rights."  The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2020, the assigned magistrate judge found that "prisoners have no constitutional right while incarcerated to contact visits or conjugal visits," *Gerber v. Hickman*, 291 F.3d 617, 621 (9th Cir. 2002), and that defendant Judge Somers was entitled to judicial

1

immunity. (Doc. No. 15 at 5–9.) As a consequence, the magistrate judge recommended that this action be dismissed with prejudice for failure to state any cognizable claim. (*Id.* at 9.) On October 11, 2020, plaintiff timely filed his objections. (Doc. No. 20.)

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B), this court has conducted a *de novo* review of this case. The court notes that plaintiff's objections fail to cite to any statutory or constitutional authorities to establish the so-called "visitation rights" that plaintiff seek to enforce under § 1983, *see Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights 'secured' *elsewhere*, i.e., rights independently 'secured by the Constitution and laws" of the United States. '[O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything.'"). The court is also unpersuaded by plaintiff's arguments that the caselaw on which the magistrate judge relied is somehow inapplicable to his case. In sum, the court finds the pending findings and recommendations to be supported by the record and proper analysis and will adopt the findings and recommendations.

In light of the foregoing, the court orders as follows:

1. The findings and recommendations entered on August 7, 2020 (Doc. No. 15) are ADOPTED in full;
2. This case is DISMISSED with prejudice for failure to state a claim upon which relief may be granted; and
3. The clerk of court is DIRECTED to assign a district judge to this case for the purpose of closing the case and then to close the case.

IT IS SO ORDERED.

Dated: **January 11, 2021**

_____
UNITED STATES DISTRICT JUDGE