UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUDOLPH ELLIS,<br><br>                    Plaintiff,<br><br>      v.<br><br>RALPH DIAZ,<br><br>                    Defendant. | 1:20-cv-00134-NONE-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL AS MOOT<br><br>(ECF No. 25)<br><br>ORDER DIRECTING CLERK TO SEND A COPY OF THIS ORDER TO THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT |

       Plaintiff Rudolph Ellis ("Plaintiff") is a state inmate proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

       On January 11, 2021, District Judge Dale A. Drozd entered an order dismissing this case with prejudice for failure to state a claim upon which relief may be granted. (ECF No. 21.) Judgment was accordingly entered on January 11, 2021. (ECF No. 22.) Plaintiff was served with the judgment by U.S. Mail on January 11, 2021.

       On February 12, 2021, Plaintiff filed his notice of appeal,[1] along with a motion requesting a forty-five-day extension of time. (ECF No. 25.) Plaintiff states that he has been quarantined since January 11, 2021, and has not had adequate access to the law library and it "would be impossible for [Plaintiff] to complete the argument within 48 hours or 2 days[.]" (*Id.*)

---

[1] The Court notes that Plaintiff's notice of appeal was already forwarded to the Ninth Circuit. (ECF No. 26.)

Additionally, Plaintiff filed a notice of appeal on February 5, 2021, but filed it with the wrong court. (*Id.*) Plaintiff states that he "will attempt to finish the appeal" by March 25, 2021. (*Id.*)

Plaintiff's motion appears to request an extension of the time to file his notice of appeal. A notice of appeal must be filed within thirty days after entry of the judgment or order appealed from. Fed. R. App. P. 4(a)(1)(A). This deadline is extended by three days where the party is served with the judgment by mail. Fed. R. App. P. 26(c); *see also* Fed. R. Civ. P. 6(d). The Court may extend the time to file a notice of appeal if a party moves for the extension no later than thirty days after the original thirty day-deadline expires, and the party "shows excusable neglect or good cause." Fed. R. App. P. 4(a)(5)(A)(i), (ii). "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." Fed. R. App. P. 4(a)(5)(C).

Here, Plaintiff simultaneously filed his notice of appeal and motion for extension of time thirty-two days after judgment was entered. Because Plaintiff was served with the judgment by mail, his notice of appeal is timely, and his request for an extension of time to file a notice of appeal is moot.

To the extent Plaintiff is concerned about his ability to complete his arguments, the Court notes that a notice of appeal is only required to: (1) specify the party or parties taking the appeal; (2) designate the judgment, order or part thereof being appealed; and (3) name the court to which the appeal is taken. Fed. R. App. P. 3(c). Plaintiff is not required to set forth all of his arguments in his notice of appeal. The Federal Rules of Appellate Procedure provide that Plaintiff's brief in support of his appeal will not be due until forty days after the record is filed.[2] Fed. R. App. P. 31(a). If Plaintiff seeks an extension of time to file his brief, he should direct his request to the Ninth Circuit.

///

---

[2] The record on appeal consists of: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk. Fed. R. App. P. 10(a). Federal Rule of Appellate Procedure 10(b) provides that, within fourteen days of filing the notice of appeal or certain specified motions, an appellant should either follow the procedures it outlines for obtaining a transcript or file a certificate stating that no transcript will be ordered. Fed. R. App. P. 10(b)(1); *see also* Fed. R. App. P. 11(a) ("An appellant filing a notice of appeal must comply with Rule 10(b) and must do whatever else is necessary to enable the clerk to assemble and forward the record."). The Clerk of Court will assemble and forward the record to the Ninth Circuit when it is complete. Fed. R. Civ. P. 11(a)-(b).

Accordingly, IT IS ORDERED that:

1. Plaintiff's motion (ECF No. 25) requesting that the Court extend the time to file a notice of appeal is DENIED as moot; and
2. The Clerk of Court is directed to send a copy of this order to the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **February 16, 2021**              /s/ Erica P. Grosjean
                                             UNITED STATES MAGISTRATE JUDGE